IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

**CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED**

April 17, 2026

**LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff**
**DEPUTY CLERK**

| | | |
|---|---|---|
| THOMAS W. LYNCH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25-cv-00753 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CO HILL, | ) | By:    Hon. Thomas T. Cullen |
| | ) |          United States District Judge |
| Defendant. | ) | |

Plaintiff Thomas W. Lynch, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendant CO Hill.[1] (*See* Compl. [ECF No. 1].) This matter is before the court on Defendant Hill's motion to dismiss. (Mot. to Dismiss [ECF No. 13].) For the following reasons, Hill's motion will be granted.

## I.

Plaintiff's only claim against Defendant Hill stems from his allegation that, on September 23, 2025, while he was housed at SWVRJA - Abingdon, CO Hill refused to give Plaintiff a no-meat, soft-food meal tray. (Compl. 2.) In his motion, Hill contends that he is entitled to qualified immunity and that Plaintiff has failed to state a plausible claim for relief against him. (Memo. in Supp. of Mot. to Dismiss [ECF No. 14].)

The day after Hill filed his motion to dismiss, the court issued a notice in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), informing Plaintiff that he had 28 days to file a response to Hill's motion. (*Roseboro* Notice [ECF No. 15].) The notice advised Plaintiff

---

[1] Plaintiff also named Wexford Medical as a Defendant (*see* ECF No. 1), but his claims against Wexford have been dismissed (ECF No. 16).

that, if no response were timely filed, the court may decide the matter without further notice. (*Id.* at 2.) More than 28 days have elapsed, and Plaintiff has not filed a response opposing Hill's motion or otherwise sought an extension of time to do so. Hill's motion is therefore ripe for review.

## II.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be "plausible," a plaintiff's claim must be supported by factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although this "plausibility" standard is not akin to "probability," it does require "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Instead, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citations omitted). Additionally, the court "must accept as true all of the factual allegations

contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (citations omitted). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief' as required by Rule 8." *Iqbal*, 556 U.S. at 679 (cleaned up).

### III.

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen who is deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Liberally construing Plaintiff's complaint, Plaintiff claims that Hill was deliberately indifferent to his serious medical needs in refusing to give him a no-meat, soft-food tray. The standard of law governing his claim depends on whether he was a pretrial detainee or a convicted prisoner at the time Hill refused to give him the tray.

If plaintiff was a pretrial detainee at the time of the alleged deliberate indifference, his claims arise under the Fourteenth Amendment, which protects pretrial detainees from governmental actions that are "not rationally related to a legitimate nonpunitive purpose or that [are] excessive in relation to that purpose." *Jenkins v. Woodard*, 109 F.4th 242, 250 n.3 (4th Cir. 2024) (quoting *Short v. Hartman*, 87 F.4th 593, 599); *see Mays v. Sprinkle*, 992 F.3d 295, 300

(4th Cir. 2021) ("[S]ince [the plaintiff] was a pretrial detainee and not a convicted prisoner, the Fourteenth Amendment, and not the Eighth Amendment, governs his claim." (cleaned up)). If Plaintiff was a convicted prisoner at the time of the alleged indifference, however, his claims arise under the Eighth Amendment's prohibition on cruel and unusual punishment. *See Pfaller v. Amonette*, 55 F.4th 436, 445 (4th Cir. 2022) ("Because 'adequate . . . medical care' is a basic condition of humane confinement, a prison official's 'deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

Plaintiff does not clearly allege whether he was a pretrial detainee or a convicted prisoner at the time of the events described in the amended complaint, but he has failed to state a plausible claim for relief under either standard.[2]

### A. Eighth Amendment Deliberate-Indifference Claim

To establish a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a prisoner must allege facts sufficient to show that (1) the deprivation was sufficiently serious and (2) the defendant acted with a sufficiently culpable state of mind toward the prisoner's medical needs. *Pfaller*, 55 F.4th at 445 (quoting *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)). A prisoner satisfies the first prong—the objective prong— by alleging that he had a "serious" medical need that has been diagnosed by a "physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). To satisfy

---

[2] Because the court finds that Plaintiff has failed to state a plausible claim for relief against Hill, the court need not consider Hill's alternative argument that he is entitled to qualified immunity on Plaintiff's claim.

- 4 -

the second prong—the subjective prong—the plaintiff must allege that the defendant (a) had "actual knowledge of the risk of harm to the inmate" and (b) "recognized that his actions were insufficient to mitigate the risk of harm to the inmate arising from his medical needs." *Id.* (citations omitted). Put simply, a defendant "acts with deliberate indifference if he had actual knowledge of the plaintiff's serious medical needs and the related risks, but nevertheless disregarded them." *Gordon v. Schilling*, 937 F.3d 348, 357 (4th Cir. 2019) (citing *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018)) And although the defendant need not act with "actual purposive intent," "mere negligence" is not enough. *Pfaller*, 55 F.4th at 445 (citation omitted).

Plaintiff's allegations do not satisfy either prong of an Eighth Amendment claim. First, Plaintiff has not alleged that he had a serious medical need which required him to have a no-meat, soft-food tray. "Only an 'extreme deprivation' is actionable under the Eighth Amendment." *Scinto v. Stansberry*, 841 F.3d 219, 234 (4th Cir. 2016). And although "officials must provide inmates with a special diet *if such an accommodation is obviously medically necessary*," *id.* at 233 (emphasis added), courts in this circuit have found that the denial of a special diet, without evidence or allegations that such a diet was medically necessary, does not amount to an Eighth Amendment violation. *See, e.g.*, *Benjamin v. S.C. Dep't of Corr.*, No. 920CV01673TLWMHC, 2021 WL 3023693, at *3 (D.S.C. May 28, 2021), *report and recommendation adopted*, No. 9:20-CV-01673-TLW, 2021 WL 3022629 (D.S.C. July 16, 2021), *aff'd*, No. 21-7155, 2021 WL 6067306 (4th Cir. Dec. 20, 2021) (prisoner had not established a serious medical need for a specialized diet where his medical records did not show any immediate or serious condition requiring a modification to his diet and prisoner had not offered evidence of any such condition); *Burke v. McPeak*, No. CIV.A. 7:07CV00554, 2007 WL

- 5 -

4571302, at *4 (W.D. Va. Dec. 27, 2007) (dismissing claim against defendant who took plaintiff off of special diet because plaintiff "fail[ed] to demonstrate any serious medical need for the diet").

Even where a medical condition necessitates a diet modification, "[c]ourts have consistently held that prison officials comply with [the constitutional requirement] when they provide some food that the complaining prisoner is able to eat without compromising his health." *Scinto*, 841 F.3d at 233–34 (affirming summary judgment for defendant where diabetic inmate's meals contained some foods he could eat and inmate was educated about how to select appropriate foods from the general meal trays); *see also Miller v. Duffy*, No. 6:24-CV-02268-BHH-KFM, 2024 WL 4229095, at *5 (D.S.C. July 26, 2024), *report and recommendation adopted as modified*, No. 6:24-CV-2268-BHH, 2024 WL 4227084 (D.S.C. Sept. 18, 2024) (dismissing Eighth Amendment claim based on allegedly inadequate nutrition where prisoner did not plausibly allege "that there was no combination of foods in each meal that would have provided him with adequate sustenance without adverse medical consequences," noting that plaintiff was not constitutionally entitled to a medical diet based on preference not a medical prescription); *Glenn v. Ruffin*, No. 622CV01320DCCKFM, 2022 WL 17723810, at *5 (D.S.C. Sept. 8, 2022), *report and recommendation adopted*, No. 6:22-CV-01320-DCC, 2022 WL 17718814 (D.S.C. Dec. 15, 2022), *aff'd*, No. 23-6034, 2023 WL 3144555 (4th Cir. Apr. 28, 2023) (recommending dismissal of Eighth Amendment claim based on defendant's serving him food tray with tomatoes despite his tomato allergy because "the plaintiff has not plausibly alleged that there was no combination of foods in each meal that would have provided him with adequate sustenance without adverse medical consequences"). As in these cases, Plaintiff has

- 6 -

not demonstrated either a medical need for the diet tray that Hill denied him nor has he alleged that the meal he was served lacked foods he could eat. Accordingly, Plaintiff has not shown that the alleged deprivation caused by Hill was sufficiently serious to constitute an Eighth Amendment violation.

Plaintiff's allegations also fail to satisfy the second prong of an Eighth Amendment claim because he has not alleged that Hill knew of yet disregarded a significant risk to Plaintiff by denying him the no-meat, soft-food tray. An Eighth Amendment deliberate-indifference claim "must satisfy a high bar, and that bar is not met by showing that an official *should* have known of a risk; he or she must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Formica*, 739 F. App'x at 755 (citations and internal quotation marks omitted). Because Plaintiff's amended complaint does not clearly allege Hill had any personal knowledge of the risk of harm to Plaintiff or recognized that his actions were insufficient to mitigate any such risk, Plaintiff has not plausibly alleged that Hill's actions violated the Eighth Amendment. *See Pfaller*, 55 F.4th at 445.

## B. Fourteenth Amendment Deliberate-Indifference Claim

Plaintiff's claim also fails under the Fourteenth Amendment standard applicable to pretrial detainees. To state a claim for deliberate indifference to serious medical needs under the Fourteenth Amendment, a detainee must allege:

> (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that

- 7 -

the defendant's action or inaction posed an unjustifiably high risk
of harm; and (4) as a result, the detainee was harmed.

*Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 2631 (2024).

Plaintiff has failed to allege that he had a medical condition necessitating a special meal tray that posed a substantial risk of serious harm absent the special tray. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) ("[F]or prison conditions to rise to the level of unconstitutional punishment, there must be evidence of a serious medical and emotional deterioration attributable to the challenged condition."); *see also Dontell v. Safford*, No. 9:22-CV-01641-BHH-MHC, 2024 WL 4140717, at *12 (D.S.C. June 26, 2024), *report and recommendation adopted*, No. CV 9:22-1641-BHH, 2024 WL 4344306 (D.S.C. Sept. 30, 2024), *aff'd*, No. 24-7109, 2025 WL 3707789 (4th Cir. Dec. 22, 2025) (recommending summary judgment for defendant where evidence showed that detention center staff generally attempted to accommodate plaintiff's preference for a no-meat diet, despite serving him animal protein on numerous occasions, because plaintiff failed to present evidence of an animal-protein intolerance and even the meat-containing meals he was served contained other foods the plaintiff could eat); *Martin v. Birkhead*, No. 1:24CV165, 2025 WL 1859277, at *11 (M.D.N.C. May 7, 2025), *report and recommendation adopted*, No. 1:24CV165, 2025 WL 1823082 (M.D.N.C. July 2, 2025), *aff'd Martin v. Birkhead*, No. 25-6621, 2026 WL 983116 (4th Cir. Apr. 13, 2026) (granting motion to dismiss pretrial detainee's claim "since the plaintiff has alleged no medial condition or religious reason for requestion a [special] diet").

Plaintiff has further failed to state a claim under the Fourteenth Amendment because he has not alleged that Hill knew or should have known that he had a medical condition requiring a no-meat, soft-food tray, that Hill's failure to provide him with such a tray posed

an unjustifiably high risk of harm to Plaintiff, or that Plaintiff was actually harmed by Hill's denial of the no-meat, soft-food tray. *See Short*, 87 F.4th at 611. Plaintiff's deliberate-indifference claim therefore fails under the Fourteenth Amendment standard as well.

## IV.

For the reasons set forth above, the court will grant Defendant Hill's motion to dismiss and dismiss Plaintiff's claim against Defendant.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 17th day of April, 2026.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE